HARDY, Judge.
This suit was consolidated for purposes of trial and appeal with the suit of Surry, et al. v. Arkansas Louisiana Gas Co., et al., 170 So.2d 133.
Plaintiffs in this suit are individual members of the Fulco family and their fire insurance carrier, Audubon Insurance Company. The Fulco plaintiffs seek recovery of the sum of $6,016.00, representing the fire damage to their property in excess of the insurance coverage. Plaintiff insurer prays for recovery of the amount of $4,-130.00 paid to the Fulcos under the policy of insurance. From judgment rejecting plaintiffs’ demands they have appealed.
The facts and the law involved are set forth in our opinion in the companion case above noted.
The only issue which was not covered by our opinion in the consolidated case relates to the amount of damages claimed by the plaintiffs.
The record contains the deposition of one Cecil H. Vandegaer, who made an estimate of the cost of repairs to the house located at 510 Western Avenue in Shreve *141 port immediately following the occurrence of the fire. The estimate was made for R. C. Smith, a contractor who was the witness’ employer at the time. According to the estimate and the testimony of the witness the building was regarded as having been practically destroyed and the cost of repairs was fixed at $10,016.00. Under the policy of insurance the plaintiff, Audubon Insurance Company, paid the owners, as its insured, the principal sum of $4,130.00. Of this amount $4,000.00 represented the maximum liability for damages to the owned building and the sum of $130.00 was the loss of two months’ rental of the property at $65.00 per month.
The testimony of Vinson Fulco, one of the owners of the property, was to the effect that the house had been renovated, re-roofed and placed in good condition and that its value was about twice the amount of the insurance.
The only other testimony as to the amount of the damages was tendered on behalf of defendant by deposition of Charles T. Hall, an expert residential appraiser. This witness did not inspect the property until almost two years after the occurrence of the fire. He estimated the value of the improvements as then constituted at $6,000.00. It must be noted that the valuation fixed by this witness was based upon market demand, location and other somewhat imponderable factors. The witness appeared much impressed by a distinction between cost and value, or worth, using the example of the home of a prominent Shreveport physician in another section of the city which had actually cost $51,000.00, but which, in the opinion of the witness, was not worth more than $30,-000.00 to $35,000.00. We are of the opinion that the character and nature of the method of valuation used by this witness is hardly acceptable as a basis for an award of damages. Neither are we impressed by the testimony offered on behalf of plaintiffs. The estimate of repairs is unreliable as a factor of value in view of the fact that such repairs were not performed, and the record does not contain any evidence with respect to the actual cost of rebuilding. The testimony of Mr. Fulco, as above set forth, would indicate a willingness to accept a valuation of the loss in the area of $8,000.00.
Under the condition of the record, we cannot arrive at a basis for an award of damages except by averaging the amounts fixed by defendant’s witness, Hall, at $6,-000.00 and the amount given by Vinson Fulco of $8,000.00. These opposed valuations do not represent as substantial a difference as may be ordinarily encountered, and, accordingly, we feel that a valuation of $7,000.00, representing the mean average, would do substantial justice as between the parties. Of this amount the owners have received $4,000.00 from their insurer and co-plaintiff.
Accordingly, the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Frank Fulco, Tony R. Fulco, Pat Fulco, John R. Fulco, Vinson R. Fulco, Camile J. Fulco, Charles R. Fulco, Johanna Fulco Givens, and Mrs. Rose Fedu-cia Fulco, Roy J. Fulco and Doris F. Carstensen as substituted parties for one of the original petitioners, Joe R. Fulco, deceased, and against the defendant, Arkansas Louisiana Gas Company in the full sum of $3,000.00, with interest at the legal rate of 5% per annum from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, Audubon Insurance Company, and against the defendant, Arkansas Louisiana Gas Company, in the full sum of Four Thousand One Hundred Thirty and No/100 ($4,130.00) Dollars, with interest at the legal rate of 5% per annum from date of judicial demand until paid.
It is further ordered that all costs in both courts be and they are taxed against defendant-appellee, Arkansas Louisiana Gas Company.